**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION**

---

**AXEL JEAN CARLOS MORENO**,

      Petitioner,

      v.                                                                                           Case No. 2:26-cv-02451-BCL-cgc

**CHRISTOPHER BULLOCK**,
Field Office Director of U.S. Immigration
and Customs Enforcement, New Orleans
Field Office,

      Respondent.

---

**ORDER DENYING TEMPORARY RESTRAINING ORDER AND § 2241 PETITION**

---

Petitioner Axel Jean Carlos Moreno has filed a Petition for Habeas Corpus under 28 U.S.C. § 2241, by which he challenges his detention without a bond hearing. Doc. 5 at 1. He further filed a Motion for a Temporary Restraining Order. Doc. 6.

As a preliminary housekeeping matter, the United States Court of Appeals for the Sixth Circuit has held that the "district director"—now the Field Office Director—for the place of confinement is the proper respondent to a Section 2241 petition filed by an alien challenging his confinement. *See Roman v. Ashcroft*, 340 F.3d 314, 320–21 (6th Cir. 2003). Here, that is now Christopher Bullock, Field Office Director for the New Orleans Field Office, United States Immigration and Customs Enforcement. The Clerk is therefore **DIRECTED** to modify the docket and **DISMISS** all other respondents.

As to the merits of the Petition for habeas corpus and the related TRO Motion, they are **DENIED** for the reasons that follow.

1

## **BACKGROUND**

Petitioner, who is a citizen of Honduras, entered the United States on or about April 28, 2016. Doc. 14 at 2. Petitioner was served with a notice of removal charging him with having being "an alien present in the United States without having been admitted or paroled, or who arrived in the United States at any time or place other than as designated by the Attorney General." Doc. 14-1 at 1. He has since resided in the United States. Doc. 5 at 3.

On November 10, 2016, and then again on March 22, 2018, an Immigration Judge ordered Petitioner removed in a final order entered in absentia due to Petitioner's failure to appear for an hearing. Doc. 14-2, Doc. 14-4. ICE encountered Petitioner on March 7, 2026 at the Davidson County Detention Center in Nashville, Tennessee where he was in jail for the offense of possession of methamphetamine, possession of a firearm, and driving without a license. Doc. 14-4 at 2. ICE detained Petitoner beginning April 4, 2026, following his release from county detention. *Id.*

Petitioner has remained detained and claims he is entitled to a "bond hearing before a neutral adjudicator." *Id.* Petitioner seeks release, or an individualized bond hearing. *Id.* at 1.

## **LEGAL STANDARD**

Section 2241 authorizes a court to issue a writ of habeas corpus when an individual "is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). An alien seeking to challenge his detention relating to removal proceedings may in some circumstances seek relief through a Section 2241 petition. *See, e.g.*, *Zadvydas v. Davis*, 533 U.S. 678, 687 (2001).

## ANALYSIS

The Court denies the Petition and associated Motion. Docs. 5, 6. Petitioner's detention without a bond hearing does not violate the Constitution, and this Court does not have authority to adjudicate his other claims.

A.   In the sole claim this Court has power to address, Petitioner in two short paragraphs argues that his detention without a bond hearing violates the Due Process Clause. Doc. 5 at 3. Due to the final order requiring his removal, Petitioner is subject to mandatory detention under 8 U.S.C. § 1231(a)(2)(A).  In *Zadvydas v. Davis*, the Supreme Court, applying a version of the canon of constitutional avoidance, read into Section 1231(a)(6) a temporal limitation under which mandatory detention would be limited to a period reasonably necessary to effectuate removal, with six months' detention as a presumptively reasonable (and thus constitutional) period. 533 U.S. 689, 701 (2001). Petitioner has been in ICE detention for less than a month so that, under *Zadvydas* his mandatory detention poses no constitutional problem.

B.   The remainder of Petitioner's arguments challenge the merits of his removal or otherwise seek to prevent its execution. Doc. 5 at 3-4. This Court is without jurisdiction to consider arguments seeking to prevent execution of removal orders. 8 U.S.C. § 1252(g) ("Except as provided in this section and notwithstanding any other provision of law (statutory or nonstatutory), including section 2241 of Title 28, or any other habeas corpus provision, and sections 1361 and 1651 of such title, no court shall have jurisdiction to hear any cause or claim by or on behalf of any alien arising from the decision or action by the Attorney General to commence proceedings, adjudicate cases, or execute removal orders against any alien under this chapter."); *see Hamama v. Adducci*, 912 F.3d 869, 874 (6th Cir. 2018).

## CONCLUSION

For the foregoing reasons, the Petition for Writ of Habeas Corpus (Doc. 5) and Motion for a Temporary Restraining Order (Doc. 6) are **DENIED**. The Clerk is **DIRECTED TO CLOSE THIS CASE**.

**IT IS SO ORDERED**, this 1st day of May, 2026.

s/ *Brian C. Lea*
BRIAN C. LEA
UNITED STATES DISTRICT JUDGE

4